OPINION
KILMER, J.
Summary of Proceedings
This matter is before the Tulalip Tribal Court of Appeals pursuant to a Notice of Appeal filed June 17, 2014 arguing that the Tribal Court made a mistake in procedure that affected the outcome of the proceedings.
This is a child custody case between parents that began in 2009. On October 15, 2010, the Tribal Court entered an order establishing a parenting plan. That order was modified June 17, 2013.
On March 24, 2014, the father filed a motion/petition to once again modify the parenting plan. He declared that there had been a substantial change to the child’s living arrangements since the June 2013 modification order. He also sought to relocate his child to Arizona, where he resides. On March 31 the mother responded by proposing her own modified parenting plan. On May 6, the father filed more factual allegations in a declaration to support his March 4 motion.
The Tribal Court conducted a hearing May 27, 2014, during which the father requested a ruling on his motion. The Court issued a written order denying the father’s motion to modify, stating in relevant part that “the Court did not see fit to have a hearing to modify the Parenting Plan.” Later, on June 4, 2014, it entered a final order regarding the parenting plan.
The father has appealed arguing that the Tribal Court made a mistake in the procedure it took to deny his motion to modify.
Standard of Review
Section 2.20.090 of the Tulalip Tribal Code (TTC) provides the standard this Court of Appeals is to use when reviewing a decision of the Tribal Court:
(1) A finding of fact by a Judge shall be sustained unless clearly erroneous;
(2) A factual inference drawn by a Judge or jury shall be reviewed as a finding of fact if more than one reasonable inference can be drawn from the fact;
(3) Any finding by the Judge, whether explicit or implicit, of witness credibility shall be reviewed as a finding of fact;
(4) A conclusion of law shall be reviewed de novo, or without deference to the Tribal Court’s determination;
(5) Construction of an unambiguous contract term is reviewed as a conclusion of law;
(6) A matter which is a mixture of law and fact is reviewed by the standard applicable to each element;
(7) A sentence and the imposition of fine, forfeiture, or other penalty, excluding the assessment of damages, shall be reviewed as a discretionary determination of the Tribal Court;
(8) A matter which is within the discretion of the Tribal Court shall be sustained if it is reflected in the record that the Tribal Court exercised its discretionary authority, applied the appropriate legal standard to the facts, and did not abuse its discretion. A matter commit *309 ted to the discretion of the Tribal Court shall not be subject to the substituted judgment of the Court of Appeals.
Discussion
The one and only issue before this Court of Appeals is whether the Tribal Court made a mistake when it denied the father’s motion to modify the parenting plan and to relocate the child. That is the sole grounds for appeal pursuant to TTC 2.20.020(1).
The Tulalip Tribes Domestic Relations Code, Chapter 4.20, governs these proceedings. It lists relevant factors the Tribal Court is to consider when awarding child custody (TTC 4.20.340), or when it* is considering modifying a child custody order (TTC 4.20.420), or deciding a proposal to relocate a child subject to the Court’s jurisdiction (TTC 4.20.430).
It also requires, at Section 4.20.400(1), that the “Court without a jury shall determine questions of law and fact.” The Tribes’ Domestic Relations Code is clear that findings of fact are mandatory.
TTC 4.20.420(1) provides that “the Court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the Court at the time of the prior decree or plan, that a change has occurred in the circumstances of the child or his or her custodian and that the modification is necessary to serve the best interests of the child.”
“Upon the filing of a petition for modification, a hearing shall be held to determine if the facts alleged meet the legal standard as set forth in this subsection.” TTC 4.20.420(5).
It is the role of the fact finder to make determinations regarding the credibility of the witness that testifies before him and to weigh the reasonable yet competing inferences which can be drawn from that testimony. It is the role of this [Appeals] Court to support these factual findings unless there has been an abuse of discretion.
Davis v. Tulalip Tribes, 5 NICS App. 11, 14 (Tulalip Tribal Ct.App.1997).
But this Appeals Court cannot locate any findings of fact in the record—either in writing or made orally. It appears that the Tribal Court took no testimony before it denied the father’s motion to modify the parenting plan and to relocate his child, and may have based its decision solely on the declarations filed with the Court, allowing the parties to make arguments under oath only after it had rendered its decision.
Neither the May 27 order nor the June 4 final order contain any findings of fact whatsoever. There is no statutorily required finding of fact regarding whether there had been a substantial change of circumstances; no finding about whether any of the modified parenting plan provisions proposed by the mother and father were in the child’s best interest; no findings regarding the eight factors the Court is required to consider under TTC 4.20.340 when awarding custody; and no findings regarding the eleven factors the Court is required to consider under TTC 4.20.340 in regards to the father’s proposal to relocate his child to Arizona.
This Court of Appeals previously ruled that it cannot affirm findings of fact or conclusions of law “without trial court findings that point to supporting evidence in the record.” Neff v. Port Susan Camping Club, 8 NICS App. 32, 33 (Tulalip Tribal Ct.App.2007).
The Tribal Court failed to comply with statutory requirements that it consider certain specified factors and to make *310 explicit findings of fact and conclusions of law. Without findings of fact and conclusions of law from the Tribal Court, there is nothing to which the Court of Appeals can apply its standard of review, and therefore no basis for this Court to affirm the Tribal Court.
Conclusion and Order
This Court concludes that the Tribal Court committed a mistake in procedure that affected the outcome of this case, a denial of the modification motion, by not making statutorily required findings of fact.
It is hereby ordered that this matter is remanded to the Tribal Court for a hearing as expeditiously as possible; and that it then expressly enter, in writing, statutorily required findings of fact and conclusions of law on the parties’ proposed modifications to the existing parenting plan.
IT IS SO ORDERED.